SAM WILLIAMS v. SEABOARD AIR LINE RAILWAY COMPANY ET AL.

(Filed 26 November, 1930.)

**Master and Servant C d—Question of whether employer was negligent in failing to warn employee held properly submitted to jury in this case.**

Where, in an action against a railroad company to recover damages for an alleged negligent personal injury, the evidence tends to show that the plaintiff had just been employed by the defendant; that he had never had experience in the work required of him, and that he was ordered, with other employees, to remove heavy rails from a car, requiring concert of action and an orderly method of work in order to avoid danger of injury, and that the defendant with the other workers had removed two rails from the car; that at the words "let's rise," they would lift the rail, walk about four feet, and at the words "knock down rail" they would drop the rail to the ground, and that when the third rail was lifted they were ordered to "knock down rail" before it was carried any distance, and that the plaintiff, expecting that the rail was to be carried to the place where the others had been dropped, and not being warned or instructed, was injured by the rail falling on his foot: *Held*, sufficient to be submitted to the jury on the question of the defendant's negligence in failing to warn and instruct the plaintiff, the plaintiff having the right to assume that the third rail would be placed where the other two had been dropped.

APPEAL by defendants from *Clement, J.,* at March Term, 1930, of MECKLENBURG. No error.

This is an action to recover damages for personal injuries sustained by plaintiff, while at work as an employee of the defendant, Seaboard Air Line Railway Company, under the orders of his foreman, the defendant, C. L. Leighton.

On 12 November, 1928, the plaintiff, an employee of the defendant, Seaboard Air Line Railway Company, was ordered by his foreman, the defendant, C. R. Leighton, to join six other employees of said company and to aid them in unloading from a car on defendant's track three heavy steel rails, to be used in repairing said track; each of said rails was 28 feet long and weighed from 790 to 795 pounds. Two of the rails were unloaded, and placed at a distance of about four feet from the car, beside the track. While plaintiff and his fellow employees were engaged in unloading the third rail, it fell on plaintiff's foot, causing him painful and serious injuries, which are permanent. As a result of his injuries, plaintiff has suffered damages.

Plaintiff alleges in his complaint that the proximate cause of his injuries was the negligence of the defendants. Among others, the acts of negligence alleged in the complaint are as follows:

Williams *v.* R. R.

"(a) In that the defendants did not warn the plaintiff of the danger incident to his work, and did not promulgate proper rules, orders, directions and instructions."

"(e) In that the defendant, Seaboard Air Line Railway Company, its agents, and employees, failed and neglected to notify this plaintiff of the time and place where the said heavy rail would be turned loose and dropped."

At the time he was injured, plaintiff was about twenty years of age. He had not previously worked for the defendant, or for any other railroad company. He was first employed by the defendant as a laborer on the day before he was injured. With respect to the manner in which he was injured, the plaintiff testified as follows:

"I started to work for the railroad company on Monday morning, 12 November, 1928, at 7 or 7:30 o'clock. I worked during the morning with another boy, lifting rails out of a ditch, and putting them up on the side of the railroad. About dinner time Mr. Leighton called me and told me to go ahead and help take the rails off the car. He did not give me any instructions about how the work of unloading the rails was done. He did not tell me about any signals. He just told me to go ahead and help the others unload. I fell in with the crowd and helped them lift the rails from the car, and take them to the place where they were thrown down. The crowd just grabbed hold of them. The car had three rails on it, one right close to the end, another here, and another here (indicating). We picked up the first rail, and walked with it about four feet. We then threw it down in the ditch beside the railroad. When we took hold of the first rail, some one said, 'Let's rise,' and we all lifted it up. When we had walked the distance of about four feet from the car, some one said, 'Knock down rail.' We then threw the rail into the ditch. There were seven men engaged in this work—six others and I. After we threw the first rail down, we went back to the car and got the second rail. We just see-sawed that rail until we got it to the end of the car. The caller then hollered, 'All right, let's rise.' We then lifted the rail from the car, and walked to where we had thrown down the first rail. The caller said, 'All right, knock down rail.' When we had thrown the second rail down, we went back to the car for the third rail. We see-sawed the third rail, until we got it to the end of the car. All of us were hollering and singing, saying, 'Let's rise.' I was thinking they were going to carry it to where we had thrown down the other two rails. When they got to the end of the car, they hollered, 'Knock down,' and the rail just fell on my foot. I had not made a step. No one told me that the third rail was to be put in a different place from the other two. It was dropped about four feet from where the other rails were thrown down. It was dropped on the ends of the crossties. I had hold

of the rail, and tried to keep it from falling on me when the others turned loose. The rail hit across the ankle of my foot, which was on the crosstie."

The evidence for the defendant tended to show that plaintiff heard the signals given by the caller and understood their meaning. Plaintiff, upon being recalled, testified that he did not hear the signal, "knock down," after the third rail was lifted from the car, and kept his hands on the rail after the others had turned the rail loose because he thought it was to be taken to the place where the other rails had been thrown down. Instead of this, the third rail was thrown down at the end of the car.

From judgment on the verdict that plaintiff recover of the defendants the sum of $2,500, the damages assessed by the jury, the defendants appealed to the Supreme Court.

*Shore & Townsend and James W. Osborne for plaintiff.*
*Cansler & Cansler for defendant.*

CONNOR, J. The question as to whether the work which the plaintiff in the instant case was required to do, was simple, requiring no special instructions from the defendants as to the manner in which or the method by which it should be done, upon all the evidence offered at the trial, was not a question of law, and for that reason was properly submitted to the jury. There was evidence tending to show that it was a dangerous work, requiring for its performance, with reasonable safety to themselves, men of experience and skill. The rails which the plaintiff was ordered to assist in unloading were 28 feet long and weighed from 790 to 795 pounds each. They were on a car on defendant's track, and were to be used in repairing the track. Plaintiff and his fellow-employees were required not only to unload these rails, but also to place them along the track, at a convenient distance from the place where they were to be used. By reason of the length of the rails and of their weight, defendant's foreman ordered seven men to do the work, which required the concerted action of them all. Under these circumstances, it was the duty of the defendant railroad company and of its foreman, in charge of its employees, to adopt some reasonably safe manner and method of doing the work, and to instruct each of the employees to do the work, as to the manner adopted and the method to be pursued. The evidence shows that when the rail was in place on the car to be unloaded, in order to have concert of action, and thereby the full strength and skill of all the employees, one of them called, "Let's rise," and thereupon each man was expected to exert his full strength in lifting the rail; when the rail had been taken by the employees to the place where

it was to be thrown down, in order that the employees engaged in the work might act in concert, the caller said, "Knock down rail," and then each man loosed his hold on the rail, all acting together. It is manifest that if one of the men engaged in this work did not understand the signals, he would not, ordinarily, act in concert with the others, and that his failure to do so might result in injury to himself or to some of his fellow-employees. It was therefore the duty of the defendant railroad company and of its foreman, not only to adopt and pursue some manner in which and some method by which the work should be done with reasonable safety, but also to instruct each of its employees both as to such manner and as to such method. This duty was especially insistent in the instant case, on account of the age and inexperience of the plaintiff. Failure to perform this duty was negligence, and if such negligence was the proximate cause of plaintiff's injuries, defendants are liable to plaintiff for the damages resulting from his injuries.

Conceding that from all the evidence the jury could have found that plaintiff understood the signals, and appreciated the importance of acting upon them, having assisted in unloading and placing two of the rails before he was injured, we think that there was evidence tending to show that plaintiff as a reasonably prudent man relied upon the fact that both the first and second rail unloaded had been thrown down at a distance of at least four feet from the car, and that without warning to the contrary, he was justified in thinking that the third rail would likewise be carried that distance before it was thrown down by his fellow-employees. Under the circumstances which all the evidence tended to show, it was negligence for the defendant railroad company and its foreman to fail to warn the plaintiff that the third rail would not be placed in the same or in a similar position as the first two rails, and if this negligence was the proximate cause of his injuries, plaintiff is entitled to recover in this action. *Helton v. Ry. Co.* (Ky.), 283, S. W., 395; *Stevens v. Hines* (Mont.), 206 Pac., 441; *Reid v. Dickinson* (Ia.), 169 N. W., 673; *Cules v. Ry. Co.* (Wash.), 177 Pac., 830.

Defendants' assignment of error based upon their exceptions to the refusal of their motion for judgment as of nonsuit, at the close of all the evidence, and of their prayers for peremptory instructions to the jury on the issues involving defendant's liability to plaintiff, cannot be sustained. There was no error in the submission of the evidence in this case to the jury. The verdict is supported by the evidence, and the judgment is affirmed.

No error.